**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MOHAMMED SADEQ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-9584 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Mohammed Sadeq, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Respondents oppose the Petition. (ECF No. 5).

3. Petitioner is a citizen of India. (*Id.* at 1). He lawfully entered the United States as a nonimmigrant business visa holder in 2024. (ECF No. 1 ¶ 20).

4. His visa expired on April 8, 2025.

5. He filed an asylum application on May 9, 2025 with U.S. Citizenship and Immigration Services ("USCIS"). (*Id.* ¶21).

6. Immigration and Customs Enforcement ("ICE") encountered and detained Petitioner on July 23, 2026. (*Id.* ¶22).

7. This Petition followed, arguing that his detention violates his due process rights and the Immigration and Nationality Act ("INA") because his asylum application is still pending. (*Id.* ¶32).

8. Respondents rely on 8 U.S.C. § 1226(a) for Petitioner's detention and assert the Petition should be dismissed because no bond hearing has occurred. (ECF No. 5 at 2).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. "Petitioner does not dispute that 8 U.S.C. § 1226(a) generally authorizes detention while removal proceedings are pending. He challenges whether Respondents may use that general authority to detain an affirmative asylum applicant after USCIS accepted his timely application, left it pending without adjudication, authorized him to work, and then allowed its own delay to become the predicate for detention." (ECF No. 6 at 1).

12. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *City & Cnty. of San Francisco, California v. Env't Prot. Agency*, 604 U.S. 334, 350 (2025) (cleaned up).

13. "Any noncitizen may apply for asylum if 'physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival ...)'" pursuant to

8 U.S.C. § 1158 or, if applicable, 8 U.S.C. § 1225(b). *E-C-R- v. Noem*, No. 3:25-cv-1230, 2026 WL 821799, at *3 (D. Or. Mar. 25, 2026) (quoting 8 U.S.C. § 1158(a)(1)) (emphasis omitted).

14. "[I]n the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). "[I]n the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(iii).

15. "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7).

16. Although § 1158 includes specific deadlines for USCIS to review asylum applications, there is nothing in the text providing for a remedy if those deadlines are not met.

17. Petitioner relies on *Doe v. Jamison*, which held that § 1158's 180-day timeframe was mandatory, and "[t]he failure to provide an asylum interview or fully adjudicate [Doe's] asylum application within the statutory time frame violates the INA. Further, [Doe's] detention prevents him from continued pursuit of his affirmative asylum application, despite him correctly following instructions and rules dictated by DHS." No. 26-cv-1906, 2026 WL 916568, *6 (E.D. Pa. Mar. 31, 2026).

18. "[Doe] was permitted to remain in the United States during the course of his asylum application. Under the INA, the government was required to adjudicate his asylum application before his lawful status expired. Because the government's failure to adjudicate the asylum application precipitated his detention, [Doe's] detention violates the INA." *Id.* at * 7.

19. The *Doe* court also considered 8 U.S.C. § 1182, noting that "an asylum seeker who has a 'bona fide application for asylum pending under section 1158 of this title' shall not have any period of time during which his application is pending 'taken into account in determining the period of unlawful presence in the United States' under the inadmissibility provisions of the INA." *Doe,* 2026 WL 916568, at *6 (quoting 8 U.S.C. § 1182(a)(9)(B)(iii)(II)). "Accordingly, the inadmissibility provisions of the INA do not count any time that a noncitizen is in the country after filing an asylum application as time that noncitizen is unlawfully in the country." *Id.*

20. The court decided that "those asylum applicants who have been granted employment authorization, like Petitioner, are lawfully present in the United States." *Id.*

21. *Doe* is not binding authority, nor does this Court find its reasoning persuasive.

22. "[U]nlawful presence and unlawful status are distinct concepts in the argot of immigration specialists. It is entirely possible for [noncitizens] to be lawfully present (*i.e.*, in a 'period of stay authorized by the Attorney General') even though their lawful status has expired." *Chaudhry v. Holder*, 705 F.3d 289, 292 (7th Cir. 2013).

23. The Form I-797C, Notice of Action that confirmed the receipt of Petitioner's asylum application noted that Petitioner was permitted to remain in the United States until his asylum application was decided, but "[h]aving a pending asylum application with USCIS [did] not preclude U.S. Immigration and Customs Enforcement (ICE) or U.S. Customs and Border Protection (CBP) from placing [him] *into removal proceedings*." (ECF No. 1-1 at 2 (emphasis added)).

24. Petitioner was aware from the beginning that removal proceedings were possible, and ICE is authorized to arrest and detain a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); *see also Demore v.*

*Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

25. Moreover, the *Doe* court acknowledged that whereas § 1182 explicitly excluded asylum applicants from the definition of unlawfully present noncitizens, "[t]he deportability statute does not contain a corresponding provision exempting asylum applicants under § 1158 from its terms" but concluded that it could "look to the INA as a whole in interpreting the asylum statute." *Doe,* 2026 WL 916568, at *6.

26. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (cleaned up). "[I]n any inquiry respecting the likely or probable intent of Congress, the silence of Congress is relevant; and here that silence is telling." *Ziglar v. Abbasi*, 582 U.S. 120, 143 (2017).

27. "A 'fundamental canon of statutory construction' is that where a section of a statute does not include a specific term or phrase used elsewhere in the statute, 'the drafters did not wish such a requirement to apply.'" *In re Visteon Corp.*, 612 F.3d 210, 224 (3d Cir. 2010) (quoting *United States v. Mobley*, 956 F.2d 450, 452-53 (3d Cir. 1992)). Congress knows how to prohibit the detention of noncitizens. By way of example, a noncitizen "provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4) (emphasis added).

28. If Congress intended to prohibit ICE from detaining asylum applicants, it would have included that exemption in the text of either § 1226 or § 1158.[1] "It is not the role of the Court to supplant Congress's choices, as reflected in the statutory text, with our own." *M & K Emp. Sols., LLC v. Trs. of IAM Nat'l Pension Fund*, 146 S. Ct. 1224, 1233 (2026).

29. Accordingly, this Court finds no support in the text of § 1158 or § 1126 that failure to decide Petitioner's asylum application warrants habeas relief.

30. Petitioner also argues that Respondents violated the Administrative Procedure Act ("APA") by "abruptly shifting Petitioner from an active, non-adversarial affirmative track into an intensive defensive track without a rational, articulated connection to the facts in the record." (ECF No. 1 ¶ 39). He asks this Court to order that his asylum application be "remanded" to USCIS for consideration. (*Id.* at 12).[2]

31. The APA defines the scope of the courts' ability to review actions by agencies and authorizes a court to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The APA, in short, incorporates the traditional understanding of the judicial function, under which courts must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024).

32. Petitioner's APA claims are not properly before this Court in a habeas petition because they do not concern the fact or duration of his confinement.

---

[1] It is possible that Congress did not exclude asylum applicants from ICE's detention authority because it intended USCIS to promptly address the applications, but it is up to Congress to either provide a remedy for USCIS's failure to adjudicate the applications in the statutory timeframe or prohibit ICE from detaining applicants while the applications are pending.

[2] He also asks this Court to prohibit his removal until USCIS can review his application, but this Court has no authority to stay removal. 8 U.S.C. §1252(g).

33. Accordingly, this Court will deny the Petition. Any restrictions on Petitioner's location will be lifted.

34. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 8, 2026